

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00463-CV

_____

AMEERAH HASHIM ALWAN, Appellant

V.

NORTHHILL MANOR HOUSING PARTNERS, LP AND ASSET LIVING,
Appellees

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-374014-26

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Ameerah Hashim Alwan attempts to appeal a trial court order dismissing his claims against Appellees Northhill Manor Housing Partners, LP and Asset Living. *See generally* Tex. R. Civ. P. 91a. But the order states that the trial court "shall decide at a future hearing [Alwan's] liability . . . under [Rule] 91a.7 . . . for any court costs and reasonable attorney's fees." *See* Tex. R. Civ. P. 91a.7. And this lingering fee issue means that the dismissal order is not final—and that we therefore lack appellate jurisdiction.

Generally, appeals may be taken only from final judgments.[1] *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 196 (Tex. 2001); *Pendleton*, 2026 WL 1501012, at \*1. When, as here, an order disposes of claims without a conventional trial on the merits, the order is not a final judgment unless it (1) "actually disposes of every pending claim and party" or (2) "clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so." *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023); *Lehmann*, 39 S.W.3d at 205–06. The trial court's dismissal order does neither of these things.

---

[1]Although interlocutory appeals are statutorily authorized in certain circumstances, none of those circumstances apply here, and Alwan does not claim that they do. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a); *Pendleton v. X. Corp.*, No. 02-26-00261-CV, 2026 WL 1501012, at \*1 (Tex. App.—Fort Worth May 28, 2026, no pet.) (per curiam) (mem. op.) (noting that "no statute authorize[d] an interlocutory appeal" of Rule 91a dismissal order).

On the contrary, the dismissal order "clearly and unequivocally" states that it does not dispose of all claims—it expressly leaves the claim for attorney's fees pending to "[be] decide[d] at a future hearing." *See Pendleton*, 2026 WL 1501012, at \*1 (holding that Rule 91a dismissal order was not a final judgment because "the dismissal order clearly le[ft] an unresolved matter: the amount of fees to be awarded"); *Carroll v. Metro Off. Equip., Inc.*, No. 02-22-00087-CV, 2022 WL 1682156, at \*1 (Tex. App.—Fort Worth May 26, 2022, no pet.) (mem. op.) (noting that "a request for fees under Rule 91a is an affirmative claim for relief that, if left pending, can prevent a judgment from being final" (internal quotation marks omitted)).

"Because the fee issue is still pending, the dismissal order is not final." *Pendleton*, 2026 WL 1501012, at \*1. And although Alwan argues—in an attempt to pacify our jurisdictional concerns, *see* Tex. R. App. P. 42.3(a), 44.3—that "the reserved Rule 91a.7 fee determination should not be treated as an unresolved 'claim' for purposes of the . . . finality analysis," precedent says otherwise. *See Pendleton*, 2026 WL 1501012, at \*1–2; *Carroll*, 2022 WL 1682156, at \*1–2.

Therefore, we dismiss Alwan's attempted appeal for want of jurisdiction. Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: July 30, 2026

3